JOURNAL ENTRY and OPINION
{¶ 1} William W. Ellis and Lisa T. Derrico appeal, pro se, from a judgment of the Housing Division of the Cleveland Municipal Court entered in two separate but consolidated cases, one filed by the landlord, Clifford E. Ramey, Jr., seeking release of rent deposited with the Clerk of Court's office by the tenants, and the other filed by appellants, the tenants, seeking termination of their lease and damages. The municipal court granted the tenants' application to terminate their residential lease and awarded them $30 in damages but also granted the landlord's application for release of $1665 in rent which the tenants had deposited with the court.
{¶ 2} On appeal, although they fail to raise a cognizable assignment of error, tenants assert that the landlord grossly, willfully, [and] callously disregarded the rights of the appellants, ORC 5321, common sense in human relations, and creating [sic] a difficult situation when [he] could have simply kept his word. This is an apparent effort to challenge the manifest weight of the magistrate's decision. However, because a transcript of the hearing is unavailable, and because Ellis and Derrico have failed to file an approved App.R. 9(C) statement or otherwise provide us with a record of the trial court proceedings, we are constrained to presume regularity and to affirm the judgment of the trial court.
{¶ 3} The file transmitted to us reveals that, on February 25, 2001, Ellis and Derrico agreed to rent a house owned by Clifford E. Ramey, Jr., the landlord, at 13526 Carrington Avenue in Cleveland, Ohio, for one year at $565 per month. Several disputes arose between the parties and, as a result, Ellis and Derrico deposited their rent for the months of April, May, and June with the Clerk of Courts in rent deposit account 2001RD57.
{¶ 4} On April 19, 2001, in case number 2001 CVG 0008714, Ramey filed an application for release of the rent deposits, claiming that the funds were necessary to meet the customary and usual costs of operating the rental premises. On May 4, 2001, in case number 2001 CVG 0009910, Ellis and Derrico filed their application for the termination of their lease and a request for damages.
{¶ 5} The trial court consolidated these two cases, and, on May 31, 2001, a housing court magistrate conducted a hearing of these matters; however, the record on appeal here is devoid of the transcript or any evidence or testimony presented at that hearing.
{¶ 6} On June 14, 2001, the magistrate issued an initial report, granting Ellis and Derrico the right to terminate their lease and awarding them $30 in damages; however, the magistrate also granted Ramey's application for release of $1100 in rent deposited with the court. The magistrate subsequently issued an addendum to this report, amending the amount of released rents to $1665 after being notified that another month's rent had been deposited.
{¶ 7} On July 3, 2001, Ellis and Derrico filed objections to the magistrate's report, which the court overruled on July 9, 2001, thereby affirming the magistrate's decision.
{¶ 8} The tenants filed a notice of appeal on August 1, 2001, and in their praecipe requested a complete transcript; however, because of the unavailability of a transcript of the hearing, we granted their motion to amend their praecipe. On July 11, 2001, appellants filed an amended praecipe, in which they indicated that the record in this appeal would include neither a transcript nor an App.R. 9(C) statement.
{¶ 9} On September 4, our court denied leave to again amend the praecipe to file a 9(C) Statement of Proceedings, but despite this ruling, Ellis and Derrico filed a proposed statement of the evidence on that date with the trial court. The trial court, however, never approved this statement, and, hence, it does not comply with App.R. 9(C); therefore, this statement is not properly before us.
{¶ 10} Ellis and Derrico now appeal, raising one assignment of error for our review. It states:
 {¶ 11} THE BASIC ARGUMENT OF THE APPELLANTS IS THAT THE APPELLEE GROSSLY, WILLFULLY, [AND] CALLOUSLY DISREGARDED THE RIGHTS OF THE APPELLANTS, ORC 5321, COMMON SENSE IN HUMAN RELATIONS, AND CREATING [SIC] A DIFFICULT SITUATION WHEN THE APPELLEE COULD HAVE SIMPLY KEPT HIS WORD.
{¶ 12} Without a transcript or properly filed statement of evidence, we are unable to properly consider the manifest weight challenge presented by this assignment of error.
{¶ 13} "[I]n the absence of a record, the proceedings at trial are presumed correct." State v. Brown (1988), 38 Ohio St.3d 305, 314, fn. 4,528 N.E.2d 523. As the court stated in Knapp v. Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384:
 {¶ 14} The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.
{¶ 15} Further, "[i]f a transcript is `unavailable' an appellant has an obligation to provide a complete record pursuant to App.R. 9(C), (D) or (E)." State v. Nero (Feb. 21, 2002), Cuyahoga App. No. 79866, unreported, quoting State v. Newell (Dec. 6. 1990), Cuyahoga App. Nos. 56801, 60128.
{¶ 16} It is well established that App.R. 9(C) permits an appellant to submit a statement of the evidence, but such a statement is subject to and only effective upon approval from the trial court. See App.R. 9(C); Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,200, 400 N.E.2d 384.
{¶ 17} Here, Ellis and Derrico purportedly filed a proposed statement of the evidence disallowed by our court and not approved by the trial court. As such, this statement is not properly before us, and Ellis and Derrico have failed to make a record available for our review. Accordingly, we must therefore presume the validity of the trial court proceedings and affirm the judgment of that court.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J. and ANNE L. KILBANE, J. CONCUR